```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT
```

------------------------------x
                              :
ANGEL M. CASTRO, on behalf of :
himself and all others        :
similarly situated,           :
                              :
     Plaintiff,               :
                              :
v.                            :   Civ. No. 3:06CV00784(AWT)
                              :
OLD REPUBLIC NATIONAL TITLE   :
INSURANCE COMPANY f/k/a TITLE :
INSURANCE CO. OF MINNESOTA    :
                              :
     Defendant.               :
                              :
------------------------------x

**ORDER RE MOTION TO DISMISS**

Plaintiff Angel M. Castro ("Castro") brings this action in a four-count Complaint. The defendant moves to dismiss all four counts of the complaint. For the reasons set forth below, the defendant's motion is being granted in part and denied in part and the plaintiff is being given leave to amend the complaint.

The complaint in this case is substantially similar to the complaint in <u>Lentini v. Fidelity National Title Insurance Company of New York</u>, 3:06cv00572(AWT). A motion to dismiss filed in that case raised many of the same issues raised in the defendant's motion to dismiss in this case. The court issued a ruling on the motion to dismiss in <u>Lentini</u>, at Doc. No. 67 (the "Lentini Ruling"), and the analysis in the Lentini Ruling is incorporated herein by reference.

**I.  Failure to Allege Facts Demonstrating Rate Eligibility**

Castro's complaint suffers from the same deficiencies as the complaint in <u>Lentini</u>, as the plaintiff has failed to allege facts sufficient to support a conclusion that he was entitled to receive the discounted refinance rate. Eligibility for the discounted rate is a prerequisite for each of the plaintiff's claims. The defendant's motion is being granted on this ground, and the court's reasoning is set forth in section III.A.1. of the Lentini Ruling. The plaintiff is given leave to amend.

**II. Failure to Comply with Fed. R. Civ. P. 9(b)**

The defendant argues that the fraudulent misrepresentation claim in Count II should be dismissed for failure to comply with Fed. R. Civ. P. 9(b)'s heightened pleading requirements. For the reasons set forth in section III.A.2. of the Lentini Ruling, the court concludes that the plaintiff has adequately pled an affirmative misrepresentation, i.e. misrepresenting the price of the insurance policy by charging the higher rate, but has not adequately pled a fraudulent omission, as he has not alleged facts demonstrating that the defendant had a duty to disclose. Accordingly, the defendant's motion is being granted as to the fraudulent omission alleged by the plaintiff and the plaintiff is given leave to amend the complaint.

**III. Filed Rate Doctrine**

The defendant argues that the filed rate doctrine precludes

the plaintiff's claims for fraudulent misrepresentation and negligent misrepresentation because the plaintiff is presumed to have knowledge of the applicable rates.  For the reasons set forth in section III.B. of the Lentini Ruling, the defendant's motion to dismiss on this ground is being denied.

## IV. Conclusion

Accordingly, the Defendant's Motion to Dismiss (Doc. No. 12) is hereby GRANTED in part and DENIED in part and the plaintiff is given leave to amend the complaint.  The plaintiff shall file an amended complaint within 30 days.  Within 30 days of the filing of the amended complaint, the defendant shall file any motion to dismiss addressing issues not presented by the original complaint.

It is so ordered.

Dated this 29th day of March 2007 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge